IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO PAGAN | : | CIVIL ACTION |
| | : | |
| Petitioner | : | |
| vs. | : | NO.   07-CV-2732 |
| | : | |
| | : | |
| MARILYN S. BROOKS, et al. | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Motion for Reconsideration (Doc. No. 21).  For the following reasons, the Motion is denied.

## Background

The Court dismissed the Petitioner's Section 2254 Habeas Petition (the "Petition") after a careful and independent review of United States Magistrate Judge Timothy R. Rice's Report and Recommendation.[1]  (Doc. No. 20).  The Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit.  Then, the Petitioner filed the instant Motion moving that the Court reconsider its judgment in adopting Judge Rice's Report and Recommendation, overruling the Petitioner's Objections, and dismissing his Petition.

## Analysis

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," and "any other reason that justifies relief."  See Gonzalez v. Crosby, 545 U.S. 524,

---

[1] For an extensive factual and procedural history of this case see Pagan v. Brooks, No. 07-cv-4780, 2008 WL 4838353 (E.D. Pa. Nov. 2, 2008).  The Petitioner, in effect, filed two identical habeas petitions.  Judge Rice analyzed all of the Petitioner's claims in 07-cv-4780.

528 (2005); Fed. R. Civ. P. 60(b).  A 60(b) motion will apply to Section 2254 habeas proceedings "to the extent that [the motion is] not inconsistent with applicable federal statutory provisions and rules."  Gonzalez, 545 U.S. at 531 (internal citations and quotations omitted).  The relevant provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") are Sections 2244(b)(1)-(b)(3), which impose three requirements on second or successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed.  Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.  Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

Id. (internal citations and quotations omitted).

Since these requirements set forth in the AEDPA apply only to second or successive habeas petitions, the Court must determine whether the Petitioner's Motion is, in substance, a second or successive habeas petition.  Otherwise, an analysis under Rule 60(b) is appropriate.  See id. at 533 ("When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application.  If neither the motion itself nor the federal judgment from which it seeks relief substantively addressed federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.").  The United States Supreme Court has defined "an 'application' for habeas relief [as] a filing that contains one or more claims" and defined "a claim as used in § 2244(b) [as] an asserted federal basis for relief from a state court's judgment of conviction."  Gonzalez, 545 U.S. at 530.

Read closely, the Petitioner is asking the Court to reconsider denying him an evidentiary hearing and a certificate of appealability ("COA").  In support, the Petitioner advances the same arguments he proffered in the past and rejects Judge Rice's analysis.  He further notes his willingness to "take a lie detector in order to show his innocence."  (Addendum to Mot.)  So construed, the Petitioner's Motion cannot be characterized as a second or successive habeas petition because he is not attacking his conviction by asserting any federal bases for relief.  Thus, the Court must analyze his argument under Rule 60(b).

Rule 60(b) relief is not appropriate to remedy alleged legal error, which is essentially what the Petitioner is alleging here  See Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977) ("[L]egal error does not by itself warrant the application of Rule 60(b). . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6).")  Other than legal error,[2] the Petitioner does not offer any other justification for the relief he seeks.  See Page v. Schweiker, 786 F.2d 150, 158 (3rd Cir.1986) (holding that only "extraordinary, and special circumstances" justify relief).  Therefore, the Motion must be denied.

An appropriate Order follows.

---

[2] To the extent that the Petitioner is basing his claim for relief on Rule 60(b)(2), his offer to submit the results of a yet-to-be-conducted polygraph examination or lie detector test is not the type of "newly discovered evidence" that warrants relief under Rule 60(b)(2).  Newly discovered evidence "(1) must be material, not merely cumulative; (2) could not have been discovered before trial through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the trial."  Allen v. Wydner, No. 06-cv-4299, 2008 WL 2412970, *6 (E.D. Pa. June 10, 2008) (internal citations and quotation omitted).  It is impossible for the Court to gauge the materiality of non-existing evidence.  Thus, such evidence cannot serve as the basis for granting relief under Rule 60(b)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO PAGAN | : | CIVIL ACTION |
| Petitioner | : | |
| vs. | : | NO.   07-CV-2732 |
| MARILYN S. BROOKS, et al. | : | |
| Respondents | : | |

## **ORDER**

And Now, this 19th day of December, 2008, it is hereby ORDERED that the Petitioner's Motion for Reconsideration (Doc. No. 21) is DENIED.

By the Court:

*Thomas M. Golden*
THOMAS M. GOLDEN, J.